IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. DERRICK ISRAEL, Petitioner, | : | CIVIL ACTION |
| v. | : | |
| SUPERINTENDENT; MR. LAWLER, et al., Respondents. | : | NO. 08-4175 |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE February 20, 2009

Before the Court for Report and Recommendation is Derrick Israel's (alternatively "Israel" or "Petitioner") *pro se* petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He is currently incarcerated at the State Correctional Institute in Huntingdon, Pennsylvania.[1] In his petition, Israel alleges various claims asserting error in the application of state law and claims under the Sixth Amendment asserting ineffective assistance of counsel. For the reasons set forth below, we find that the claims are alternatively not cognizable for habeas review or lacking in merit. Accordingly, we recommend that the petition be dismissed.[2]

**I. Factual and Procedural Background**

Petitioner was found guilty of aggravated assault and possession of an instrument of crime after a jury trial held before the Honorable John J. Chiovero, on May 16, 2002. (Pet. at 4; Resp. at

[1] Although SCI Huntingdon is in the Middle District of Pennsylvania, venue is proper here in that Petitioner's current confinement grew out of a prosecution and conviction in Philadelphia County.

[2] In preparing this Report and Recommendation, we reviewed Petitioner's form Petition for Writ of Habeas Corpus ("Pet."), Petitioner's "Memorandum of Facts and Case Law" in support thereof ("Mem."), and the District Attorney's Response to the Petition for Writ of Habeas Corpus ("Resp."). As necessary, we also consulted relevant state court documents contained as exhibits to the District Attorney's Response.

2, 4). On October 25, 2002, Judge Chiovero imposed a concurrent sentence of five to ten years imprisonment on the aggravated assault conviction and two and a half to five years for possession of an instrument of crime. (Pet. at 4; Resp. at 4).

The conviction stemmed from an incident that occurred on May 20, 2000, at a service station in the 7900 block of Ogontz Avenue in Philadelphia. (Resp. at 2).[3] Evidence at trial showed that Petitioner came upon Shawn Alexander outside the service station while Alexander, with his friend Carl Greenlee and two others, was waiting to have his car serviced. (Resp. at 2). Alexander, who had previously been in an altercation with a friend of Petitioner's, made eye contact with him when emerging from the service station. (Resp. at 3). Petitioner then exited his vehicle with a gun in his hand, and approached Alexander. (Resp. at 3). Alexander fled, and Petitioner chased after him. (Resp. at 3). As he gave chase, Petitioner fired five gunshots at the retreating Alexander, all of which missed. (Resp. at 3). Upon the ensuing police investigation, both Alexander and Greenlee picked Petitioner's photo out of an array the same evening. (Resp. at 3).

After his conviction and sentencing, Petitioner filed a timely direct appeal with the Superior Court, which affirmed the judgment of sentence on October 20, 2003. (Pet. at 5; Resp. at 5; *Commonwealth v. Israel*, No. 3566 EDA 2002, 839 A.2d 1155 ("Israel I")[4]). The Pennsylvania Supreme Court denied allocatur on April 28, 2004. (Pet. at 5; Resp. at 5).

Israel then filed a *pro se* petition on July 16, 2004 seeking relief under the Pennsylvania Post-

---

[3] Petitioner does not provide a version of the facts. As such, our recitation of the facts derives from the version provided by the District Attorney which Petitioner does not dispute and which, upon independent review of the record, we find to be accurate.

[4] The Superior Court opinion is appended to Petitioner's brief seeking allocatur before the Pennsylvania Supreme Court, which is itself attached as Exhibit E to the District Attorney's Response.

Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 *et seq.*. (Pet. at 5-6; Resp. at 5). Counsel was appointed to represent him, but on September 8, 2006, the PCRA court rejected the petition and denied post-conviction relief. (Pet. at 6; Resp. at 5; *Commonwealth v. Israel*, CP 0102-0376-1/1 ("PCRA. Op.")[5]). Petitioner appealed, but on December 31, 2007, the Superior Court affirmed the denial. (Pet. at 6; Resp. at 5-6; *Commonwealth v. Israel*, No. 2715 EDA 2006, 945 A.2d 763 ("Israel II")[6]). The Pennsylvania Supreme Court denied discretionary review on June 19, 2008. (Pet. at 6-7; Resp. at 6).

On August 11, 2008,[7] Israel filed the present habeas action. (Doc. 1). In his petition, he sets out seven separate claims asserting that: (1) the PCRA court violated Pennsylvania Rule of Criminal Procedure 907(1) by dismissing the post-collateral petition without first filing a notice of its intent to dismiss (Mem. at 1); (2) the trial court violated Pennsylvania Rule of Criminal Procedure 600(E) by bringing Petitioner to trial 20 days later than the 180 day limitation period (Mem. at 2); (3) the trial court erred in failing to preclude the testimony of Carl Greenlee who had been present at a

---

[5] The PCRA court opinion is appended to Petitioner's brief before the Superior Court appealing the PCRA court's decision, which is itself attached as Exhibit I to the District Attorney's Response.

[6] The second Superior Court opinion is appended to Petitioner's brief seeking allocatur before the Pennsylvania Supreme Court, which is itself attached as Exhibit J to the District Attorney's Response.

[7] The docket sheet indicates that the Clerk of this Court received the Petition for Writ of Habeas Corpus on August 28, 2008. However, following the prison mailbox rule, *see Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998) *and* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, we construe the filing date as the date that Petitioner hand-delivered the petition to prison officials for mailing. Petitioner's signature at the end of the petition indicates a date of August 11, 2008. For the sake of housekeeping, and noting that the District Attorney has not asserted that any of Petitioner's claims are untimely, we accept this date as the date upon which this action was initiated.

preliminary hearing in violation of a sequestration order during a portion of Alexander's in-court identification of Petitioner (Mem. at 3); (4) the trial court erred in refusing to provide a curative instruction regarding Greenlee's testimony (Mem. at 4); (5) the trial court erred by admitting hearsay testimony (Mem. at 5); (6) the trial court erred in failing to provide a jury instruction regarding motive (Mem. at 6-7); (7) the PCRA court violated Pennsylvania Rule of Criminal Procedure 908(A) by dismissing the post-collateral petition without first providing an evidentiary hearing (Mem. at 7-8). Within claims (5) and (6), he also asserts a derivative Sixth Amendment claim asserting ineffectiveness of trial and appellate counsel for failure to have properly raised the claims. (Mem. at 5-6, 7). The District Attorney of Philadelphia County (the "District Attorney") filed a Response to the petition on October 31, 2008 (Doc. 5) asserting that the claims presented are not cognizable on habeas review or, alternatively, lacking in merit, and should be dismissed. (Resp. at 7-15). We agree.

## II. Legal Standards

We begin by setting out the standard by which a claim may be deemed cognizable on habeas review, and then set out the standard of review governing cognizable claims.

### A. Claims Asserting Error in Application of State Law Not Cognizable on Habeas Review

It was well-established even before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") that state courts are the final arbiters of state law and that assertions of state court error in the application of state law are not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In *McGuire*, the Supreme Court expressly held that "federal habeas corpus relief does not lie for errors of state law" and that "it is not the province

of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* In reviewing a habeas petition, rather, "a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Id.* at 68 (citations and quotations omitted). That standard was codified with the passage of the AEDPA which specifically provides, in pertinent part, that:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a). As such, only claims asserting such grounds are cognizable on habeas review.

**B. Standard for Issuance of the Writ**

In cases where the claim presented in a federal habeas petition is cognizable and was adjudicated on the merits in state court, the AEDPA requires that substantial deference be given to the state court's adjudication of the merits. Specifically, the statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . .

28 U.S.C. § 2254.

The Supreme Court has made it clear that a habeas writ may issue under the "contrary to" clause of Section 2254(d)(1) only if the "state court applies a rule different from the governing law set forth in [United States Supreme Court] cases, or if [the state court] decides a case differently than [the United States Supreme Court has] done on a set of materially indistinguishable facts." *Bell v.*

*Cone*, 535 U.S. 685, 694 (2002). A writ may issue under the "unreasonable application" clause only where there has been a correct identification of a legal principle from the Supreme Court, but the state court "unreasonably applies it to the facts of the particular case." *Id.* This requires the petitioner to demonstrate that the state court's analysis was "objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

**III. Discussion**

We now proceed to discuss the claims presented in Israel's petition.

**A. PCRA Court Error in Application of Pa.R.Crim.P. 907(1)**

By this claim, Petitioner asserts that the PCRA court failed to notify the parties of its intent to dismiss the PCRA petition without an evidentiary hearing and failed to provide the reasons for its intent such as to give him 20 days to respond, as required pursuant to Pa.R.Crim.P. 907(1).[8] (Mem. at 1). The District Attorney asserts in response that the claim is not cognizable on habeas review and should be dismissed on that basis. (Resp. at 7-9). We agree.

Addressing this claim at the state court level, the Superior Court found, as a matter of state law, that the record was unclear as to whether or not the requisite notice had been given by the PCRA court, and questioned whether Pa.R.Crim.P. 907(1) even applied in the first instance. (Israel

[8] The rule provides, in pertinent part:

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice.

II at 3-4) (citing *Commonwealth v. Albrecht*, 720 A.2d 693, 209-10 (Pa. 1998)). The court concluded, however, that given the futility of the claims asserted, any error in the application of state law was harmless. (Israel II at 3, 5-6).

Petitioner, without referencing the Superior Court's disposition of the claim, nonetheless asserts that Pa.R.Crim.P. 907(1) required the PCRA court "to notify the parties that it indend[ed] to dismiss the proceedings without an evidentiary hearing and provide the reason for [its] intent in order to give [Petitioner] twenty days to respond." (Mem. at 1). He asserts that such notice was "mandatory" under Pennsylvania law, and concludes that the PCRA court's failure "requires that the matter be remanded." (Mem. at 1-2) (citing *Commonwealth v. Feighery*, 661 A.2d 437 (Pa. Super. Ct. 1995); *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa. Super. Ct. 2000); *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. Ct. 2006)). Petitioner does not by this claim, however, assert that "he is in custody in violation of the Constitution, laws or treaties of the United States."[9] 28 U.S.C. § 2254 (a); *see also McGuire*, 502 U.S. at 68. In that "federal habeas corpus relief does not lie for errors of state law" and, more specifically, that it is not within our province "to reexamine state-court determinations on state-law questions," *McGuire*, 502 U.S. at 67-68, we are precluded from revisiting the Superior Court's determination on this question of state law. Petitioner's claim is not cognizable on habeas review. We recommend that it be dismissed.

**B.____Trial Court Error in Application of Pa.R.Crim.P. 600(E)**

By this claim, Petitioner asserts that he "was incarcerated [for] approximately 20 days beyond

---

[9] It is well-settled that what occurs in a habeas petitioner's collateral proceedings "does not enter into the habeas calculation" and that "alleged errors in collateral proceedings . . . are not a proper basis for habeas relief from the original conviction." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d. Cir. 2004).

the 180 day limit" for pretrial incarceration mandated by Pa.R.Crim.P. 600(E)[10] and that the trial court erred in denying his motion to dismiss the charges against him. (Mem. At 2). The District Attorney asserts in response that the claim is not cognizable on habeas review and that it should be dismissed on that basis. (Resp. at 9-10). We agree.

Addressing this claim at the state court level, the Superior Court found, as a matter of state law, that the trial court "properly denied the Rule 600(E) motion because it was untimely." (Israel I at 6). The court further found, again as a matter of state law, that dismissal of all charges was not in any event a remedy available under Pa.R.Crim.P. 600(E) to a defendant, such as Israel, who had been brought to trial within 365 days of his initial pretrial incarceration. (Israel I at 6-7) (citing *Commonwealth v. Abdullah*, 652 A.2d 811, 813 (Pa. 1995) and *Commonwealth v. Olive*, 674 A.2d 287, 291 (Pa. Super. Ct. 1996)). The court concluded that the claim was without merit. (Israel I at 7).

Petitioner, without referencing the Superior Court's disposition of the claim, nonetheless asserts that the trial court erred in denying his pretrial motions filed pursuant Pa.R.Crim.P. 600(E). (*See* Mem. at 2-3) (citing *Abdullah*, 652 A.2d 811, 812; *Commonwealth v. Matis*, 710 A.2d 12, 15 (Pa. Super. Ct. 1996); *Commonwealth v. Malinowski*, 671 A.2d 674, 678-79 (Pa. Super. Ct. 1996)). Petitioner does not, however, by this claim assert that "he is in custody in violation of the

---

[10] The rule provides, in pertinent part:

> Rule 600. Prompt Trial
> . . .
> (E) No defendant shall be held in pre-trial incarceration on a given case for a period exceeding 180 days . . . . Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

Constitution, laws or treaties of the United States."[11] 28 U.S.C. § 2254 (a); *see also McGuire*, 502 U.S. at 68. In that "federal habeas corpus relief does not lie for errors of state law" and, more specifically, that it is not within our province "to reexamine state-court determinations on state-law questions," *McGuire*, 502 U.S. at 67-68, we are precluded from revisiting the Superior Court's determination on this question of state law. Petitioner's claim is simply not cognizable on habeas review. We recommend that it be dismissed.

**C. Trial Court Failure to Preclude Testimony of Carl Greenlee**

By this claim, Petitioner asserts that the trial court erred by failing to preclude the testimony of Commonwealth eyewitness Carl Greenlee who violated a sequestration order during a preliminary hearing by being present during a portion of Alexander's testimony where he identified Petitioner as the perpetrator. (Mem. at 3). In response, the District Attorney asserts that the claim is not cognizable on habeas review and should be dismissed on that basis. (Resp. at 10-11). We agree.

In analyzing this claim at the state court level, the Superior Court determined that "the prosecution was not aware of Greenlee's presence in the courtroom"and that the violation of the sequestration order was thus unintentional. (Israel I at 9). The court further determined that Greenlee "did not hear the entirety of Alexander's testimony, only his identification of [Israel] as being present at the gas station on the afternoon of the crime" and that his being present at the hearing during that brief portion did not in any event "significantly affect [his] testimony or the

---

[11] Notwithstanding Petitioner's partial labeling of this claim as a "violation of due process," we are satisfied that the crux of this claim is, in fact, an assertion of error in the state court's application of state law, and specifically Pa.R.Crim.P. 600(E). *See Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) ("errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause"). We are likewise satisfied that violation of the state speedy trial rule does not, in itself, implicate federal constitutional concerns. *See Wells v. Petsock*, 941 F.2d 253, 256 (3d. Cir. 1991).

outcome of the case, because Greenlee had identified [Israel] from photographs" that had been presented to him by police on the night of the incident. (Israel I at 9). As such, the Superior Court concluded, as a matter of state law, that the trial court did not abuse its discretion in refusing to exclude Greenlee's testimony. (Israel I at 9) (citing *Commonwealth v. Snowdy*, 603 A.2d 1044, 1049 (Pa. Super. Ct. 1992)).

Petitioner, without referencing the Superior Court's disposition of the claim, nonetheless asserts that "Greenlee's testimony was fatally tainted by his violation of the sequestration order" and that the trial court "abused its discretion in denying the request to exclude [his] testimony." (*See* Mem. at 3-4) (citing *Commonwealth v. Chambers*, 685 A.2d 96, 104 (Pa. 1996)). Petitioner does not, however, by this claim assert that "he is in custody in violation of the Constitution, laws or treaties of the United States."[12] 28 U.S.C. § 2254 (a); *see also McGuire*, 502 U.S. at 68. In that "federal habeas corpus relief does not lie for errors of state law" and, more specifically, that it is not within our province "to reexamine state-court determinations on state-law questions," *McGuire*, 502 U.S. at 67-68, we are precluded from revisiting the Superior Court's determination on this question of state law. Petitioner's claim is simply not cognizable on habeas review. We recommend that it be dismissed.

---

[12] Our Supreme Court has expressly held that "if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Habeas claims which rely exclusively upon state law in asserting error in a state court's evidentiary ruling, like any other assertion of state court error in the application of state law, are not cognizable on habeas review. *See, e.g., Wilson v. Cathel*, Civ. A. No. 04-4705, 2006 U.S. Dist. LEXIS 92345, *38 (D.N.J. Dec. 21, 2006) (citing *McGuire*, 502 U.S. at 70); *Story v. Kindt*, 957 F. Supp. 716, *82 (W.D. Pa. 1997) (citing *Derden v. McNeel*, 978 F.2d 1453, 1459 (5th Cir. 1992)). By this claim, Petitioner not only failed to implicate any federal constitutional concerns before the state courts (*see* Resp. at Exs. D & E), he fails to do so here (*see* Mem. at 3-4).

**D. Trial Court Failure to Provide Curative Instruction Regarding Testimony of Carl Greenlee**

By this claim, Petitioner asserts that the trial court erred by refusing to provide a curative instruction regarding Commonwealth eyewitness Greenlee's allegedly "tainted testimony." (Mem. at 4). In response, the District Attorney asserts that the claim is not cognizable on habeas review and should be dismissed on that basis. (Resp. at 10-11). We agree.

In analyzing this claim at the state court level, the Superior Court once again noted that Greenlee had identified Petitioner out of a photo array on the night of the incident, and agreed with the trial court that Greenlee's testimony could not have been tainted by the brief portion of Alexander's preliminary hearing testimony which he overheard. (Israel I at 10). The court further noted that, despite the fact that Greenlee's testimony "was in no way shaken or 'weakened by prior failure to identify'," the trial court nonetheless, and out of an apparent abundance of caution, provided a cautionary *Kloiber*[13] instruction "informing the jury that they could regard the identification testimony with caution if they found that certain factors were present." (Israel I at 11-12) (citing *Commonwealth v. Upshur*, 764 A.2d 69, 77 (Pa. Super. Ct. 2000); N.T. 5/12/02 at 200-01). As such, the Superior Court concluded, as a matter of state law, that the trial court did not abuse its discretion in denying a cautionary instruction specifically tailored to the sequestration violation. (Israel I at 12).

Petitioner, again without referencing the Superior Court's disposition of the claim, nonetheless asserts that the jury "should have been told to weigh the testimony of Carl Greenlee with caution, since he heard [Alexander] identify [Petitioner] in violation of the sequestration order" and

[13] This reference is to the Pennsylvania Supreme Court's decision in *Commonwealth v. Kloiber*, 106 A.2d 820, 826-27 (Pa. 1954).

that the trial court abused its discretion in refusing to provide such a specific instruction. (*See* Mem. at 4) (citing *Commonwealth v. Maloney*, 365 A.2d 1237, 1241 (Pa. 1976); *Commonwealth v. Williams*, 381 A.2d 1285, 1291 (Pa. Super. Ct. 1978); *Commonwealth v. Gbur*, 474 A.2d 1151, 1154 (Pa. Super Ct. 1984)). Petitioner does not, however, by this claim assert that "he is in custody in violation of the Constitution, laws or treaties of the United States."[14] 28 U.S.C. § 2254 (a); *see also McGuire*, 502 U.S. at 68. In that "federal habeas corpus relief does not lie for errors of state law" and, more specifically, that it is not within our province "to reexamine state-court determinations on state-law questions," *McGuire*, 502 U.S. at 67-68, we are precluded from revisiting the Superior Court's determination on this question of state law. Petitioner's claim is simply not cognizable on habeas review. We recommend that it be dismissed.

### E. Trial Court Error in Admission of Hearsay Testimony

By this claim, Petitioner asserts that the trial court erred by admitting hearsay testimony from Commonwealth eyewitness Alexander regarding Petitioner's motive for committing the charged offense, in violation of Pa. R.Crim.P. 801 and 802. (Mem. at 5).[15] The District Attorney asserts in

---

[14] Questions regarding the applicability of state law jury instructions during a state court trial fall within the province of the state courts. *See, e.g., Jones v. Kyler*, Civ. A. No. 44502, 2005 U.S. Dist. LEXIS 44502, *14 (E.D. Pa. Aug. 3, 2005) (citing *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993)), *approved and adopted* 2007 U.S. Dist. LEXIS 4235 (E.D. Pa. Jan. 19, 2007).

[15] Citing the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1994), he also asserts a derivative Sixth Amendment ineffectiveness of counsel claim against appellate counsel for failure to raise the underlying hearsay claim on direct appeal. (Mem. at 5-6). It is both self-evident and well-established, however, that counsel cannot be ineffective for failing to pursue meritless claims or objections. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). For reasons that follow, we accept the state court's conclusion that the underlying hearsay claim is meritless. As such, the Superior Court's conclusion that the derivative ineffectiveness claim failed for that reason (Israel II at 5) was a plainly reasonable application of federal law, *see* 28 U.S.C. § 2254(d)(1), and the ineffectiveness claim should be dismissed.

response that the claim is not cognizable on habeas review and should be dismissed on that basis. (Resp. at 11-12). We agree.

While Petitioner does not specify the portion of the notes of testimony containing the disputed passage in his filings before this Court (*see* Mem. at 5), he did recite that portion of the notes in his brief seeking allocatur before the Pennsylvania Supreme Court. (*See* Resp. at Ex. J at C-1). Apparently seeking to establish a motive for the crime, the prosecution elicited testimony from Alexander that he had an altercation "a few years back" with one of Petitioner's friends. (N.T. 5/15/02 at 21). The prosecution attempted to establish that the earlier altercation had prompted Petitioner to seek revenge against Alexander:

> Q: Did there come a time, Mr. Alexander, that you learned of any consequence to the fact that you had been in a fight with [Israel's] friend and had won that fight?
>
> A: Yes.
>
> Q: Can you tell us about that?
>
> A: Well as far as I knew, that they was like mad and they want to [sic], supposedly, get me back.
>
> [Defense counsel]: Objection; hearsay.
>
> THE COURT: Excuse me. Overruled.
>
> [The prosecution]: Go ahead.
>
> A: And one of my friends had told me that [Israel] —
>
> [Defense counsel]: Objection; hearsay.
>
> THE COURT: Sustained.

(N.T. 5/15/02 at 22-23).

In addressing Petitioner's claim at the state court level, the Superior Court found, first, that the trial court had, in fact, sustained an objection to Alexander's testimony regarding what his friend had told him about Petitioner. (Israel II at 5). The court also found that neither Alexander's testimony regarding his fight with Petitioner's friend nor his opinion that Petitioner was angry with him and wanted to get him back constituted hearsay. The testimony, therefore, was not objectionable on hearsay grounds. (Israel II at 5).

Petitioner, again without referencing the Superior Court's disposition of the claim, still asserts as a matter of state law, that the disputed testimony "was based on hearsay" and that counsel's objection "should have been sustained." (*See* Mem. at 5) (citing *Commonwealth v. Johnson*, 838 A.2d 663, 673 (Pa. 2003) and Pa. R.Crim.P. 801 and 802). Petitioner, however, does not assert by this claim, aside from the derivative ineffectiveness of appellate counsel claim which we have addressed above (*see supra* at n. 15), that "he is in custody in violation of the Constitution, laws or treaties of the United States."[16] 28 U.S.C. § 2254 (a); *see also McGuire*, 502 U.S. at 68. In that "federal habeas corpus relief does not lie for errors of state law" and, more specifically, that it is not within our province "to reexamine state-court determinations on state-law questions," *McGuire*, 502 U.S. at 67-68, we are precluded from revisiting the Superior Court's determination on this question of state evidentiary law. Petitioner's claim is simply not cognizable on habeas

---

[16] We are again mindful, that "if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Henry*, 513 U.S. at 366. Habeas claims which rely exclusively upon state law in asserting error in a state court's evidentiary ruling, like any other assertion of state court error in the application of state law, are not cognizable on habeas review. (*See supra* at n. 12). By this claim, Petitioner not only failed to implicate any federal constitutional concerns before the state courts (*see* Resp. at Exs. I & J), he fails to do so here (*see* Mem. at 5-6).

review. We recommend that it be dismissed..

**F. Trial Court Error in Refusal to Instruct Jury Regarding Absence of Motive**

By this claim, Petitioner asserts that the trial court erred by refusing to instruct the jury regarding motive.[17] The District Attorney asserts in response that the claim is not cognizable on habeas review and should be dismissed on that basis. (Resp. at 14). We agree.

In addressing Petitioner's claim at the state court level, the Superior Court found, as a matter of state procedural law, that Petitioner waived the claim in that he failed to raise it on direct appeal.[18] (Israel II at 6). The PCRA court did, however, consider the issue as a matter of state law, and noting trial counsel's closing argument addressing the question of motive with the jury, found that Petitioner was not prejudiced by the trial court's refusal to give the requested charge. (PCRA Op.

[17] Again citing the Supreme Court's decision in *Strickland*, 466 U.S. 668, he also asserts a derivative Sixth Amendment ineffectiveness of counsel claim "for not raising this issue" regarding the necessity of the sought jury instruction. (Mem. at 7). He does not specify whether the ineffectiveness claim is directed at trial counsel or appellate counsel. To the extent that the claim is directed at trial counsel, we note, as the Superior Court did before us (*see* Israel I at 5-6), that trial counsel did, in fact, request the desired jury instruction. As such, the Superior Court concluded that counsel could not be deemed ineffective for failing to do something which he in fact did, and that conclusion is a plainly reasonable application of federal law, *see* 28 U.S.C. § 2254(d)(1). To the extent that the claim is directed at appellate counsel, based upon our acceptance of the PCRA court's conclusion rejecting Petitioner's underlying assertion of trial court error as meritless, we recommend that the claim be dismissed given that counsel cannot be ineffective for failing to pursue a meritless claim. *See Sanders*, 165 F.3d at 253.

[18] Given this circumstance, it appears to us that Petitioner's claim was denied based upon an independent and adequate state procedural rule, that he thus failed to properly exhaust this claim as he is required to do under 28 U.S.C. § 2254(b)(1)(A), and that it is now procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Coleman v. Thompson*, 501 U.S. 722, 749 (1991). In that Petitioner provides no argument that the procedural default should be excused by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law," nor any argument demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750, the claim could be rejected on this basis alone. Notwithstanding this apparent failure to properly exhaust, the claim may nonetheless be rejected on its merits. *See* 28 U.S.C. § 2254(b)(2).

at 3) (citing *Commonwealth v. Travaglia*, 661 A.2d 352 (Pa. 1995)). That court thus rejected the claim on its merits.

Petitioner, again without referencing the state courts' disposition of the claim, asserts that, as a matter of state law, "motive was relevant to this case" and "should [have been] considered by the jury in making its decision." (Mem. at 6-7) (citing *Commonwealth v. Novak*, 150 A.2d 102 (Pa. 1959) and *Commonwealth v. Malone*, 47 A.2d 743 (Pa. 1949)). He specifically asserts that the trial court should have granted trial counsel's request that the jury be instructed pursuant to Pennsylvania Suggested Standard Criminal Jury Instruction 3.13 regarding motive.[19] (Mem. at 6). Petitioner does not, however, by this claim assert that "he is in custody in violation of the Constitution, laws or treaties of the United States."[20] 28 U.S.C. § 2254 (a); *see also McGuire*, 502 U.S. at 68. In that "federal habeas corpus relief does not lie for errors of state law" and, more specifically, that it is not within our province "to reexamine state-court determinations on state-law questions," *McGuire*, 502 U.S. at 67-68, we are precluded from revisiting the Superior Court's determination on this question.

---

[19] The desired instruction provides, in full:

> 3.13 - Motive
> 1. In my instructions, I have given you the legal definition of the crime charged. Motive is not a part of that definition. The Commonwealth is not required to prove a motive for the commission of the crime charged.
>
> 2. However, you should consider the evidence of motive or lack of motive. Knowledge of human nature tells us that an ordinary person is more likely to commit a crime if he or she has a motive than if he or she has none. You should weigh and consider the evidence tending to show [motive] [absence of motive] along with all the other evidence in deciding whether the defendant is guilty or not guilty. It is entirely up to you to determine what weight should be given the evidence concerning motive.

[20] As is set out above, questions regarding the applicability of state law jury instructions during a state court trial fall within the province of the state courts. (*See supra* at n. 13).

Petitioner's claim is simply not cognizable on habeas review. We recommend that it be dismissed.

**G. PCRA Court Error in Application of Pa.R.Crim.P. 908(A)**

By this claim, Petitioner asserts that the PCRA court erred in failing to provide him with an evidentiary hearing upon his ineffectiveness of appellate counsel claims pursuant to Pa.R.Crim.P. 908(A).[21] (Mem. at 7-8). In response, the District Attorney asserts that the claim is not cognizable on habeas review and should be dismissed on that basis. (Resp. at 14). We agree.

Addressing this claim at the state court level, the Superior Court found, as a matter of state law, that a PCRA petitioner "is not entitled to a hearing as a matter of right, and the [PCRA] court may decline to hold a hearing if, upon reviewing the record, it determines that there are no genuine issues of material fact and no purpose would be served by any further proceedings." (Israel II at 3) (citing *Commonwealth v. Hardcastle*, 701 A.2d 541, 542-43 (Pa. 1997)). Finding all of Petitioner's claims to be without meritw, the court concluded, again as a matter of state law, that the PCRA court "properly dismissed Israel's petition without a hearing." (Israel II at 6).

Petitioner, without referencing the Superior Court's disposition of the claim, nonetheless asserts that the PCRA court "had jurisdiction and a duty to hear [Petitioner's] case," that he "was

---

[21] The rule provides, in pertinent part:

> Rule 908. Hearing
> (A) Except as provided in Rule 907, the judge shall order a hearing:
>
> (1) whenever the Commonwealth files a motion to dismiss due to the defendant's delay in filing the petition ; or
>
> (2) when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact. However, the judge may deny a hearing on a specific issue of fact when a full and fair evidentiary hearing upon that issue was held at trial or at any proceeding before or after trial.

entitled to an evidentiary hearing," and that the PCRA court "erred in denying [him] an evidentiary hearing." (*See* Mem. at 8) (citing Pa.R.Crim.P. 908(A); 42 Pa.C.S.A. § 9543(a)(2)(ii); *Commonwealth ex rel Dadario v. Goldberg*, 773 A.2d 126 (Pa. 2001); *Commonwealth v. Stanley*, 632 A.2d 871 (Pa. 1993); *Commonwealth v. Stark*, 658 A.2d 816 (Pa. Super. Ct. 1995)). Petitioner does not, however, by this claim assert that "he is in custody in violation of the Constitution, laws or treaties of the United States."[22] 28 U.S.C. § 2254 (a); *see also McGuire*, 502 U.S. at 68. In that "federal habeas corpus relief does not lie for errors of state law" and, more specifically, that it is not within our province "to reexamine state-court determinations on state-law questions," *McGuire*, 502 U.S. at 67-68, we are precluded from revisiting the Superior Court's determination on this question of state law. Petitioner's claim is simply not cognizable on habeas review. We recommend that it be dismissed.

## IV. Certificate of Appealability

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.

---

[22] Petitioner labels this claim as a "denial of effective assistance of counsel." (Mem. at 7). We are satisfied, however, that the only relation of this claim's substance to "ineffective assistance" is his assertion that he was entitled to an evidentiary hearing at the PCRA level upon his underlying ineffectiveness claims. (*See* Mem. at 8: Petitioner "had the right to introduce evidence on the issue of ineffectiveness of previous counsel and requested an evidentiary hearing in his PCRA Petition. . . . The trial court erred in denying [Petitioner] an evidentiary hearing."). Just as "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause," *Smith*, 120 F.3d at 414, assertions of state law errors cannot be repackaged as federal errors merely by labeling the claim with an unrelated federal provision.

Notwithstanding his labeling, we are satisfied that this claim, in fact, is an assertion of error in the state court's application of state law in Petitioner's collateral proceedings, specifically Pa.R.Crim.P. 908(A). Such assertions of error, however, "are not a proper basis for habeas relief from the original conviction." *Lambert*, 387 F.3d at 247.

Under 28 U.S.C. § 2253(c)(2), a habeas court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."

When a federal court rejects a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Here, for the reasons set forth above and in light of the clear authorities discussed above, we do not believe a reasonable jurist would conclude that the Court incorrectly denied the present petition. Accordingly, a COA should not issue.

Our recommendation follows.

## VI. Recommendation

**AND NOW** this 20th day of February, 2009, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED** and that a COA should **NOT ISSUE** in that we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that a reasonable jurist would debate the correctness of this ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE